**Opinion issued December 12, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00479-CR

————————————

**JONATHAN GERMAINE PERKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1316854**

---

## MEMORANDUM OPINION

A Harris County grand jury indicted Perkins for the felony offense of burglary of a habitation with the intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The indictment also contained an enhancement

paragraph for sentencing purposes. After trial, the jury found Perkins guilty, found the enhancement paragraph to be true, and assessed a sentence of nineteen years' imprisonment.

On appeal, Perkins complains that his trial counsel rendered ineffective assistance in violation of his rights under the sixth amendment to the United States Constitution as recognized in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Finding that Perkins has failed to meet his burden under *Strickland*, we affirm.

## Background

Steve Allen became acquainted with Perkins at a club, and the two began a dating relationship in the spring of 2011. In late May, Allen was disturbed when he heard Perkins remark that he would seek revenge against a group who had broken into his apartment and stolen some of his belongings. Perkins told Allen that he liked to beat people in the head with a baseball bat, intimating that he had done so in the past, and that he would like to do it to the thieves. He also mentioned that he had a sawed-off shotgun. After Perkins made these remarks, Allen distanced himself from Perkins.

Perkins and Allen spoke on the phone and saw each other a few times during the next couple of months. On two occasions, Perkins helped Allen with tire repairs. One morning in mid-August, at about 4:30 A.M., Allen awoke to his

2

ringing cell phone. When Allen saw that the call was from Perkins, he decided not to answer it and went back to sleep. When he arose four hours later, he discovered that Perkins had called his cell phone thirteen times and left two voice messages during that period. In the first call, Perkins demanded, "You need to get here and help me change this flat tire." In the second, Perkins took an accusatory tone, saying, "You're just a racist. I always knew you were a racist." Alarmed by the tone Perkins used in the messages, Allen decided to ignore them.

Perkins called Allen's cell phone another twenty-seven times that day. After the last call, which occurred at about 11:00 PM, Allen noticed Perkins' SUV pull into his driveway and saw Perkins approach his front door. Perkins began ringing the doorbell repeatedly. When Allen did not answer, Perkins banged the door with his fist, and then started to kick the door. Unable to break the door down with his foot, Perkins picked up a paving stone and began to beat the lock.

While Perkins focused his attention on breaking down the door, Allen called 9-1-1. Before the police could arrive, Perkins managed to break the doorframe, and the door swung open. Allen was still speaking with the 9-1-1 operator when he encountered Perkins on the staircase leading up from the foyer. Perkins exclaimed, "Why didn't you come help me change the flat tire?" He appeared agitated and told Allen not to call the police. When Allen responded that he already had, Perkins punched Allen in the mouth hard enough to knock Allen

down onto the stairs and puncture his upper lip. Perkins ran for the door and fled. Allen sought help from his neighbors. Paramedics arrived and transported Allen to the hospital for medical treatment, where he received thirteen stitches to his lip.

## Ineffective Assistance of Counsel

Perkins complains his trial counsel's assistance was ineffective because he interposed an unsuccessful hearsay objection to the testimony concerning Perkins' comments to Allen, made two-and-a-half months before the charged offense, that Perkins liked to beat people in the head with a baseball bat and owned a sawed-off shotgun. The trial court initially sustained trial counsel's hearsay objection, but when the State responded that the comments constituted an admission by a party-opponent that contextualized and explained the party's relationship, the trial court reversed its ruling. *See* TEX. R. EVID. 801(e)(2)(A). Trial counsel then again objected to the statement based on Rule 404(b). The trial court overruled that objection, but granted the defense a running objection to the State's evidence on that issue. Perkins claims that his counsel's failure to seek exclusion of the evidence under Rules 402 and 403 rendered his assistance constitutionally ineffective.

4

**Standard of review and governing law**

To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mitchell*, 68 S.W.3d at 642. A failure to make a showing under either prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

In analyzing an ineffective assistance claim, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Robertson v. State*, 187 S.W.3d 475, 482 (Tex. Crim. App. 2006) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2052).

**Rule 402 relevance**

The testimony about Perkins's remarks to Allen is relevant in that it reveals Allen's motive for distancing himself from Perkins and helps to explain Allen's reticence to involve himself with Perkins even though Perkins had previously

5

assisted Allen with two tire repairs. *See Garcia v. State*, 201 S.W.3d 695, 705 (Tex. Crim. App. 2006) (concluding that evidence of prior incident in which defendant pushed wife out of car and drove away without her had probative value to explain nature of the relationship between defendant and wife at time of the offense, wife's decision to file for divorce, husband's hostility toward his wife, and circumstances surrounding their relationship immediately preceding wife's murder). Perkins has not shown that his trial counsel rendered ineffective assistance by failing to raise a relevance objection under Rule 402.

**Rule 403 prejudice**

The record is silent as to why trial counsel did not expand on his objections to include a Rule 403 objection. Isolated instances of a failure to object to inadmissible argument or evidence do not presumptively render counsel ineffective. *See Robertson*, 187 S.W.3d at 483. We will not "engage in retrospective speculation" to decide whether counsel's actions or omissions resulted from trial strategy or merely from questionable competence. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011); *see Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). A Rule 404(b) analysis—which the trial court undertook following Perkins's trial counsel's Rule 404(b) objection—includes a Rule 403 evaluation as a principal component. It alerts the trial court of the need to determine whether evidence of an extraneous misconduct has relevance apart

6

from character conformity, which, according to Perkins, is the very harm that occurred from the evidence's admission. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) ("[I]f evidence of 'other crimes, wrongs, or acts' has only character conformity value, the balancing test otherwise required by Rule 403 is obviated, the rulemakers having deemed that the probativeness of such evidence is so slight as to be 'substantially outweighed' by the danger of unfair prejudice *as a matter of law*.") (emphasis in original).  We hold that Perkins has not shown that his trial counsel was ineffective for failing to specifically include a Rule 403 objection in his objection to the testimony, which trial counsel reasonably could have concluded described past criminal behavior and not just inchoate statements.

### Reasonable probability of a different result

Perkins likewise fails to prove the second prong of *Strickland*, that it is "reasonabl[y] probab[le] that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."  *Bone*, 77 S.W.3d at 833 (quoting *Mitchell*, 68 S.W.3d at 642); *see Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064 ("[T]he defendant must show that the deficient performance prejudiced the defense," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").  Putting aside the evidence concerning Perkins's remarks to Allen, the record contains ample proof that Perkins forcibly

7

entered Allen's residence without Allen's consent and then assaulted him. *See* TEX. PENAL CODE ANN. § 22.01; *id.* § 30.02 (West Supp. 2013).

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).